[Civ. No. 2179. Third Appellate District.—April 28, 1920.]

# E. W. LAWSON, Petitioner, v. TURLOCK UNION HIGH SCHOOL DISTRICT et al., Respondents.

[1] SCHOOL LAW—CHANGE OF SITE OF HIGH SCHOOL WITHIN CITY— POWER OF BOARD OF TRUSTEES.—Under the amendment to section 1742 of the Political Code, enacted in 1919, the board of trustees of a high school district having a school building within the limits of an incorporated city by a majority vote may change the site of the high school from one place to another within the corporate limits whenever a new building is to be erected.

[2] ID.—CONSTITUTIONALITY OF CODE AMENDMENT.—The amendment to section 1742 of the Political Code, enacted in 1919, which permits the board of trustees of a high school district having a school building within the limits of an incorporated city, by a majority vote, to change the site of the high school from one point to another in the same city is not obnoxious to the provisions of article IV, section 25, subdivision 28, of the state constitution, which provides that the legislature shall not pass local or special laws prescribing the powers and duties of officers of school districts.

APPLICATION for a Writ of Certiorari to review the action of the board of trustees of a high school district in changing the site of the high school. Writ denied.

The facts are stated in the opinion of the court.

Hawkins & Hawkins for Petitioner.

L. J. Maddux for Respondents.

PREWETT, P. J., pro tem.—This is an application by petitioner for a writ of certiorari to above-named respondents to review the action of said respondents as trustees of Turlock Union High School District in changing the site of the high school from its former position in said city to another about one mile distant. It is contended by petitioner that the trustees exceeded their powers in ordering the change. Although the record in the matter is somewhat voluminous, the actual question to be determined is very narrow.

Turlock is an incorporated city, and prior to October, 1919, said high school district owned and maintained a high

school upon certain premises within said city, which premises had been regularly selected and designated for that purpose. The union district covers an extensive area of territory outside of the corporate limits of said city and includes said city. In October, 1919, said trustees by a majority vote changed said high school from its former position to a tract of about twenty-three acres situated in another part of the city. In February, 1920, petitioner herein commenced an action in injunction in the superior court in an effort to restrain said trustees from proceeding with said proposed change. Judgment was rendered against him and his appeal is now pending therefrom.

[1]  (1) Waiving the question whether petitioner has a speedy remedy by appeal, the decisive point against him is that the amendment to section 1742 of the Political Code, enacted in 1919, [Stats. 1919, p. 1086], justifies the board in its action. The portion of said section relevant to this inquiry now reads as follows: "With the following exception, no change of location of any high school when once established, shall be made except upon a petition to the superintendent of schools who has jurisdiction of the high school district, and then only upon the affirmative vote of two-thirds of the qualified electors of the high school district voting at an election called by the superintendent of schools for that purpose. Such election shall be called and held, and the returns thereof made to the superintendent of schools in the same manner as in the case of the election for the formation of the district; *provided,* however, that when any location has been once established in any of said districts, and said location lies within the corporate limits of any incorporated city or town any change of location within the corporate limits of said city or town may be made upon any such change of location receiving the vote of a majority of the board of trustees of any such district whenever a new building is to be erected." · The proviso is the portion added by the amendment of 1919. Its terms are clearly broad enough to justify the action taken by the trustees if the act is open to no constitutional objection.

[2]  (2) It is claimed, however, that the amendment is obnoxious to that provision of the constitution which provides that the legislature shall not pass local or special laws prescribing the powers and duties of officers of school dis-

tricts.   (Const., art. IV, sec. 25, subd. 28.)   Admittedly, the amendment does prescribe the powers and duties of school officers.   If the amendment is neither local nor special it is immaterial whether the term "school districts," as used in the above-cited provision of the constitution, is broad enough to include high school districts.   A strong intendment exists in favor of an act of the legislature and a court should declare it unconstitutional only for the most cogent reasons.   The amendment in question applies to all high school districts in the state that have a school building within the limits of an incorporated city.   This means, potentially, every high school district in the state, for if it has no school building within an incorporated city to-day it may have one to-morrow.   Classification that is reasonable and not arbitrary does not vitiate a statute.   (6 R. C. L. 372.)   The distinction established by the legislature is not an arbitrary one.   There are sufficient differences between a location in a city and one in the country to justify the classification established in the amendment.   Conceding that the change of site from one point to another in the same city is a change of location, within the purview of the amendment, the fact that such change could be for only a limited distance, while in the country it might be for many miles, is itself a sufficient difference in conditions to save the amendment.   Moreover, the opportunity for securing favorable sites within a city is manifestly less than in the open country.   In dealing with many owners of a block within a city, flexibility of power to contract for options, wider discretion, and greater facility for rapidity of action are necessary.   In the country, a removal to a new location, miles distant from a former site, might inconvenience large numbers of pupils, while, ordinarily, the greatest possible removal within a city could not greatly inconvenience anyone.   In the country, serious or dangerous obstacles to travel, even though the removal be for only a short distance, might operate to deny the benefits of the school to many persons, while such a result is scarcely possible in a city.

These distinctions exist.   They are sufficient to justify the classification established in the amendment.   That they are sufficient, in the opinion of the law-making body, to de-

mand such classification is answered by the adoption of the amendment.

The writ is denied and the proceeding dismissed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1920, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the third appellate district is denied.

We deem it necessary to say, however, that the decision must not be taken as a precedent for the proposition that *certiorari* will lie to review decisions of a tribunal, board, or officer, not made in the exercise of judicial functions (Code Civ. Proc., sec. 1068), nor for the proposition that the order of the trustees of a union high school district changing the location of a high school building is other than a legislative or executive act. (*Hopping* v. *Richmond,* 170 Cal. 612, et seq., [150 Pac. 977].)

All the Justices concurred.